## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHANEL, INC., | : |
| Plaintiff, | : |
| v. | : |
| YARON GUETAE a/k/a MIKE GUETAE, BARUCH BARAKAT, and SIP TRADING INC. individually and jointly d/b/a GO ELEGANT and GOELEGANT.COM, and DOES 1-10, | : |
| Defendants. | : |

Civil Action No. 07-3309 (JAG)

**OPINION**

### GREENAWAY, JR., U.S.D.J.

This matter comes before this Court on the motion filed by plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), seeking entry of default judgment against defendants, Yaron Guetae a/k/a Mike Guetae, Baruch Barakat, and SIP Trading, Inc., individually and jointly doing business as Go Elegant and GoElegant.com (collectively, "Defendants"), pursuant to FED. R. CIV. P. 55(b). For the reasons set forth below, this motion will be denied.

### I. FACTS

In late 2006, as part of its investigation into the sale of counterfeit merchandise, Chanel retained Robert Holmes ("Holmes") of IPCyberCrime.com, a Texas-based private investigation firm. (Hahn Decl. ¶ 10; Holmes Decl. ¶ 2-3.) In November of 2006, Holmes ordered a handbag which was branded as Chanel merchandise from GoElegant.com. (Id. ¶ 4.) Holmes was

1

provided with a contact phone number at the time of purchase which, it was later discovered, belonged to defendant SIP Trading, Inc. (Id. ¶ 5-6.) At the time, however, the "payee contact information" on the website listed the number as belonging to Go Elegant, the website from which Holmes had purchased the handbag. (Id. ¶ 5.) Additionally, Holmes received an e-mail confirmation of his purchase from defendant Baruch Barakat. (Id. ¶ 5.) Finally, Holmes attempted to determine to whom the domain name "GoElegant.com" belonged and found that it was registered to defendant Yaron Guetae. (Id. ¶ 10.)

Holmes received the handbag at his office in Texas in December of 2006 and then sent it on to a Chanel representative, Adrienne Hahn Sisbarro ("Hahn"), in New York. (Id. ¶ 8-9.) Hahn concluded that the handbag Holmes had ordered was counterfeit. (Hahn Decl. ¶ 13.)[1] Additionally, Hahn reviewed a number of computer printouts taken from GoElegant.com and concluded that other Chanel merchandise sold through the website was also counterfeit. (Id. ¶ 14.)

Plaintiff filed a complaint against defendant SIP Trading, Inc. on July 11, 2007. (Docket No. 1.) A copy of this complaint, along with a summons, was served on SIP Trading, Inc. in August of 2007. (Docket No. 3.) After they failed to respond to the summons, Plaintiff filed a request for entry of default against SIP Trading. (Docket No. 4.) This request was granted and the Clerk entered default against SIP Trading on November 16, 2007.

Plaintiff then filed an amended complaint on January 13, 2008, thereby bringing suit against defendants Baruch Barakat and Yaron Guetae, (Docket No. 6), serving them with a copy

---

[1] Throughout Plaintiff's submissions, the declaration of Adrienne Hahn Sisbarro is referred to as the "Hahn" declaration. To avoid confusion, therefore, this court will adopt the same nomenclature.

of the complaint and summons on February 11, 2008 (Docket Nos. 10 and 11).  In May of 2008,

Plaintiff filed a request for entry of default against defendants Barakat and Guetae.  (Id.)  This

request was granted on May 20, 2008, and the Clerk entered the default against defendants

Barakat and Guetae. Plaintiff then sought default judgment against Defendants on June 19, 2008.

## II. STANDARD OF REVIEW

A district court can enter a default judgment pursuant to FED. R. CIV. P. 55(b)(2), which

states:

> In all other cases, the party must apply for a default judgment. A default
> judgment may be entered against a minor or incompetent person only if
> represented by a general guardian, conservator, or other like fiduciary who
> has appeared. If the party against whom a default judgment is sought has
> appeared personally or by a representative, that party or its representative
> must be served with written notice of the application at least 3 days before
> the hearing. The court may conduct hearings or make referrals–preserving
> any federal statutory right to a jury trial–when, to enter or effectuate
> judgment, it needs to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2).  Further, the ultimate decision whether to enter default judgment in any

given case "is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732

F.2d 1178, 1180 (3d Cir. 1984).  See also F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11

(8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the

complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v.

Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  Default does not

establish liability for the amount of damages claimed by the plaintiff.  Flaks v. Koegel, 504 F.2d

3

702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

## III. JURISDICTION

Before a district court can enter default judgment against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

### A.    Subject Matter Jurisdiction

Since the case at hand addresses trademark infringement, subject matter jurisdiction

4

exists, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

**B.      Personal Jurisdiction**

A federal court first looks to the forum state's long-arm statute to determine if personal

jurisdiction is permitted over an out-of-state defendant. Miller Yacht Sales, Inc. v. Smith, 384

F.3d 93, 96 (3d Cir. 2004). In New Jersey, the long arm statute permits the exercise of personal

jurisdiction to the fullest limits of due process, as defined under the Constitution of the United

States. Id. Therefore, in New Jersey, federal law defines the parameters of a court's in personam

jurisdiction. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Thus, this Court

must determine whether the exercise of jurisdiction violates the Due Process Clause of the

Fourteenth Amendment. Miller Yacht Sales, 384 F.3d at 96.

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state

defendant only where "the defendant purposefully avails itself of the privilege of conducting

activities within the forum State, thus invoking the benefits and protections of its laws." Burger

King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235

(1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed itself

of the forum state. Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that a defendant has purposefully availed itself of the forum state, a plaintiff

may rely upon a defendant's specific contacts with the forum state. The burden to produce actual

evidence of the defendant's contacts with the forum state rests on the plaintiff. Time Share

Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). Personal jurisdiction

pursuant to such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when

a claim is related to or arises of out the defendant's contacts with the forum. Helicopteros

Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984).

A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984). There must be at least "a single deliberate contact" with the forum state that relates to the cause of action. United States Golf Ass'n v. United States Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988). The unilateral acts of the plaintiff, however, will not amount to minimum contacts. Helicopteros Nacionales de Colombia, 466 U.S. at 414; Hansen, 257 U.S. at 253. Assuming minimum contacts have been established, a court must inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Co., 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also Pennzoil Prod. Co. v. Colelli & Assoc. Inc., 149 F.3d 197, 201 (3d Cir. 1998).

For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. World-Wide Volkswagen Corp., 444 U.S. at 292 (1980). To determine reasonableness, a court considers the following factors: a) the burden on the defendant; b) the forum state's interest in adjudicating the dispute; c) the plaintiff's interest in obtaining convenient and effective relief; d) the interstate

judicial system's interest in obtaining the most efficient resolution of controversies; and e) the shared interest of the several States in furthering substantive social policies. Id. Only in "rare cases [do the] minimum requirements inherent in the concept of 'fair play and substantial justice' . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities." Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116 (1987) (citing Burger King Co., 471 U.S. at 462).

If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, 466 U.S. at 416. To establish general jurisdiction, the plaintiff "must show significantly more than mere minimum contacts" with the forum state. Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive." Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

### III. ANALYSIS

In the instant case, all three defendants are residents of New York. (Am. Compl. ¶ 3-8.) All three defendants also conduct sales of counterfeit merchandise over the internet through a website called GoElegant.com. (Holmes Decl. ¶ 3-10.) Chanel's claims arise from these very sales. (Am. Compl. ¶ 3-8.)

The main contact between Defendants and New Jersey was the website GoElegant.com, which the three defendants ran and which was fully accessible from New Jersey's computers. However, accessability alone is not enough to establish minimum contacts. See Zippo Mfg. Co.

7

v. Zippo Dot Com, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).  Rather, "the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity the web site falls."  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003).  Thus, it is up to district courts to determine whether a website is used to "actively transact business [with residents of the forum state]," Decker v. Circus Circus Hotel, 49 F. Supp. 2d 743, 748 (D.N.J. 1999), or whether the website simply "makes information available to those who are interested in it."  Zippo, 952 F. Supp. at 1124.

        GoElegant.com falls into the former category.  That is, it is a website maintained for the purpose of actively transacting business; namely, the sale of merchandise.  However, even this does not end the jurisdictional analysis.  According to the Third Circuit, "there must be evidence that the defendant[s] 'purposefully availed' [themselves] of conducting activity in the forum state, by directly targeting [their] web site to the state, knowingly interacting with residents of the forum state via [their] web site, or through sufficient other related contacts."  Toys "R" Us, 318 F.3d at 454.

        Nowhere in its submissions does Chanel assert that the Defendants either targeted or knowingly interacted with New Jersey residents.  In fact, based upon Plaintiff's representations, the only person who ordered anything from GoElegant.com is Holmes, who is a resident of Texas. (Holmes Decl. ¶ 2.)  Thus, Chanel has not established a sufficient basis for this Court to conclude that specific jurisdiction exists over Defendants.

        The same analysis applies to general jurisdiction.  Since Chanel has not established that a single New Jersey resident has ordered merchandise from GoElegant.com, there is no basis for finding "continuous and systematic" contacts with the forum state on the part of Defendants.

Helicopteros Nacionales de Colombia, 466 U.S. at 416.  The fact that GoElegant.com is accessible from New Jersey's computers is equally unpersuasive.  Plaintiff cannot establish "significantly more than mere minimum contacts" with the forum state, Provident Nat'l Bank, 819 F.2d at 437, based solely upon mere accessability, since that is not enough to establish minimum contacts with the forum state.  See Zippo, 952 F. Supp. at 1124.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that, based upon Plaintiff's submissions, it does not have personal jurisdiction over the Defendants.  Therefore, this Court shall deny Plaintiff's motion for default judgment (Docket No. 12), without prejudice.

Date: _February 10, 2009_

JOSEPH A. GREENAWAY, JR., U.S.D.J.

9